UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SIDNEY D. DOPP,<br><br>                    Petitioner,<br><br>   v.<br><br>FBI, ICAC, IDOC, NSA, ADA COUNTY, FREMONT COUNTY, BONNEVILLE COUNTY, DEA, SHOSHONE COUNTY, and JOHN and JANE DOES 1-100,<br><br>                    Respondents. | Case No. 2:20-cv-00063-BLW<br><br>**INITIAL REVIEW ORDER** |

      Petitioner Sidney David Dopp is a pretrial detainee presently detained in the Shoshone County Jail. Petitioner has filed a Petition for Writ of Habeas Corpus alleging that Respondents "have the ability to detain/incarcerate one's mind and restrict his movement through either a nano-chip, radiowaves, microwaves, electric magnetic force, etc." (Dkt. 1, p. 2.) He alleges that government officials are in a conspiracy to control his mind, prevent him from making a living, and interfere with his family relationships. He asserts a novel legal theory that a habeas corpus writ can issue not only for physical custody, but for mind control. (*Id.*, pp. 1-5, and Exhibits.)

      Because Petitioner is a pretrial detainee, the Court construes the Petition under 28 U.S.C. § 2241. In its discretion, the Court may apply the Rules Governing Section 2254 Cases ("Habeas Rules") to habeas petitions filed pursuant to § 2241. *See* Habeas Rule

**INITIAL REVIEW ORDER - 1**

1(b). Therefore, the Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Habeas Rule 4.

## REVIEW OF PETITION

**1.     Failure to Exhaust**

Title 28 U.S.C. § 2241 gives federal courts jurisdiction to issue pretrial writs of habeas corpus to state criminal defendants in appropriate cases. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-93 (1973). A pre-requisite to bringing a federal habeas corpus petition under 28 U.S.C. § 2241 is exhausting one's federal claims in state court. *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).

Here, there is no evidence that Plaintiff has exhausted his state court remedies by pursuing these claims in the state district court, through the level of the Idaho Supreme Court. For that reason, this case is subject to dismissal.

**2.     Implausibility**

In addition, Plaintiff's claims are not only implausible, but frivolous and fanciful. The Court has a duty to summarily dismiss habeas corpus petitions that do not include the requisite elements of a habeas corpus claim. *See* 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases. The advisory committee notes to Rule 4 explain that "under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer" (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)).

Here, Plaintiff has not explained why he is so important to county, state, and federal governments that they would spend their limited time and resources to engage in a

**INITIAL REVIEW ORDER - 2**

conspiracy against him. There is no objective evidence in Petitioner's petition or exhibits showing that government officials have the motivation or ability to implant devices into his brain, control his mind, or restrict his movement through "a nano-chip, radiowaves, microwaves, electric magnetic force, etc." (Dkt. 1, p. 2.) His exhibits to support his claims of mind control are of his own making and do not provide objective support for his claims. (Dkt. 1-1.) Therefore, the Court finds the allegations in the Petition implausible, frivolous, fanciful, and subject to summary dismissal. Amendment would be futile, and thus, the Petition will be dismissed for failure to state a federal habeas corpus claim upon which relief can be granted.

## ORDER

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED for failure to state a federal habeas corpus claim upon which relief can be granted.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

**INITIAL REVIEW ORDER - 3**

DATED: June 25, 2020

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER - 4**